**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN IBRAHIM, Plaintiff, v. MARIN IBRAHIM, Defendant. | Civil Action No. 05-2421 (JAG) **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

Pro se Plaintiff, John Ibrahim ("Plaintiff"), has filed a Complaint alleging deprivation of property in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution. For the reasons set forth below, this Court must first review its subject matter jurisdiction. Based on this Court's analysis of subject matter jurisdiction, this Court finds that it lacks subject matter jurisdiction over this matter and therefore, the Complaint shall be dismissed, with prejudice.

## BACKGROUND

Plaintiff, proceeding pro se, filed the instant Complaint on May 9, 2005.[1] Defendant

[1] Plaintiff previously filed a complaint in this Court (Civil Action No. 01-5213), on November 8, 2001, naming Marin Ibrahim and Abe Ibrahim as defendants, and alleging deprivation of property in violation of the Constitution. On November 21, 2001, this Court dismissed the complaint for lack of federal subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiff appealed. The Court of Appeals for the Third Circuit affirmed this Court's decision on July 11, 2002 (holding that in addition to this Court's grounds for dismissal, Plaintiff's claims were barred under the Rooker-Feldman doctrine). The Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari on October 6, 2003.

Marin Ibrahim is Plaintiff's former wife. (Complaint dated May 6, 2005 ("Compl."), at ¶ 3.) Plaintiff alleges that the state courts deprived him of his property. Plaintiff requests that this Court order the restoration of his property to his name, along with $1000.00 a month rent from March 7, 2000, to the present. (Compl.) Plaintiff also requests that the Court appoint him counsel. (Compl. 3.)

This action appears to stem from a final judgment of divorce entered by the Superior Court of New Jersey on or about March 27, 1990, and a subsequent order issued September 15, 2000, permitting Plaintiff's ex-wife to purchase Plaintiff's interest in their former marital home. According to a letter attached to the Complaint (addressed to Plaintiff from the Superior Court of New Jersey, Family Division), in May 2003, Plaintiff filed a motion to vacate the September 15, 2000 order of the Superior Court of New Jersey. The letter states in relevant part:

> I have received your proposed Notice of Motion to Vacate the September 15, 2000 Order. As you will recall, you previously filed a Motion for Reconsideration of the September 15, 2000 Order. Oral arguments were heard on November 3, 2000. By Order of November 17, 2000, that motion was denied. This Court and the Appellate Division have considered this very same issue on several prior occasions. As recently as December 3, 2002, the Appellate Division issued its decision on your appeal of my September 15, 2000 Order. The Appellate Division denied your appeal (copy of decision attached). Because this issue has already been litigated and decided by this Court and the Appellate Division, your request to file a motion seeking the exact same relief is denied.

(See Letter dated May 12, 2003 attached to Compl.)

Plaintiff also attached a recent letter from the Supreme Court of New Jersey, to his Complaint. The letter states in relevant part:

> Dear Mr. Ibrahim:
>
> This Office is in receipt of your papers dated March 1, 2005, and April 16, 2005, in the above matter [Ibrahim v. Ibrahim (A-5979-00T1)]. The Supreme

> Court denied your petition for certification seeking review of the judgment of the Appellate Division in Docket No. A-5979-00 on March 28, 2003 (Supreme Court Docket No. 54,202). Your petition sought review of trial court rulings allowing your ex-wife to purchase your interest in the marital property and compelling the transfer in title. The Supreme Court also denied numerous post-judgment motions for reconsideration and other relief, entering its final Order denying a motion for reconsideration on December 11, 2003.
>
> Your recently-submitted papers continue to request relief from the trial court's rulings regarding the disposition of the property. This is the same relief that the Court denied previously. The Rules of Court and judicial precedent provide for the finality of judgments and prohibit a party from litigating issues already adjudicated. A party has no right to insist that a court consider multiple and repetitive applications for the same relief.
>
> For these reasons, your papers have not been accepted for filing. Nor will the Clerk's Office accept any further applications seeking similar relief.

(See Letter dated April 25, 2005 attached to Compl.)

In his Complaint, Plaintiff states that he "will present to this court the same papers [he] submitted to the appellate [sic] Division, and to the Supreme Court of New Jersey." (Compl. 3.) In sum, Plaintiff has filed the instant Complaint in reaction to the Supreme Court of New Jersey's refusal to file his papers seeking relief from the Superior Court's Order regarding the disposition of his property. (See Compl. 1.)

**DISCUSSION**

Plaintiff has attempted to frame the instant Complaint as an action based on the violation of his constitutional rights by alleging that he has been forcibly deprived of his property. In actuality, Plaintiff's Complaint is an attempt to litigate or appeal a final state court judgment (namely, the Supreme Court of New Jersey's final Order denying Plaintiff's motion for reconsideration, issued December 11, 2003), in federal court.

Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte. See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that federal courts dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." The law grants subject matter jurisdiction to the federal district courts over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Jurisdiction of federal district courts is strictly original, not appellate. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1521 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). Congress has empowered only the Supreme Court of the United States to exercise appellate authority to reverse or modify a state court judgment. Id. A filing in the district court which is in essence an appeal of a final state court decision must be dismissed for lack of subject matter jurisdiction. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983) (District courts lack subject matter jurisdiction to review state court final adjudications).

Recently, the Supreme Court reiterated the narrow ground occupied by Rooker and Feldman:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. at 1521-1522.

As discussed above, Plaintiff's claim arises from the final judgment of the Supreme Court of New Jersey. The instant Complaint is in essence an appeal of a final state court decision. This

case fits squarely into the kind of cases contemplated in the Supreme Court's discussion of the Rooker-Feldman doctrine. Therefore, this Court lacks subject matter jurisdiction, and the Complaint shall be dismissed with prejudice, pursuant to FED. R. CIV. P. 12(h)(3).[2]

## CONCLUSION

For the foregoing reasons, this Court concludes that it lacks subject matter jurisdiction. Pursuant to FED. R. CIV. P. 12(h)(3), the Complaint shall be dismissed, with prejudice. Plaintiff's request for appointment of counsel is denied as moot.

Dated: January 9, 2006

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

[2]This Court has determined that it lacks subject matter jurisdiction and shall dismiss the Complaint with prejudice. As a consequence, Plaintiff's request for appointment of counsel is now moot. This Court notes that the appointment of counsel for civil litigants is discretionary. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In light of the Complaint's dismissal, Plaintiff's request for appointment of counsel is denied, as moot.